IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.: 3:14-604 |
| | ) | |
| | ) | 21 USC § 846 |
| vs. | ) | 21 USC § 841(a)(1) |
| | ) | 21 USC § 841(b)(1)(A) |
| | ) | 21 USC § 841(b)(1)(B) |
| HARRY JAMES AUSTIN, III | ) | 21 USC § 841(b)(1)(C) |
|    a/k/a "Trey" | ) | 18 USC § 924(d) |
| JASON L. BECKHAM | ) | 18 USC § 982(a)(1) |
|    a/k/a "Jay at the shop" | ) | 21 USC § 853 |
| KENNETH CLEMONS | ) | 21 USC § 881 |
| LEMONT ANTWAUN DARBY | ) | 28 USC § 2461(c) |
|    a/k/a "Monti" | ) | |
|    a/k/a "Sharkman" | ) | |
|    a/k/a "Shortman" | ) | |
| ANTONIO DALE GADDIST | ) | |
|    a/k/a "T.O." | ) | |
| MOSES LOFTON GATES | ) | SUPERSEDING INDICTMENT |
|    a/k/a "Moe Jr." | ) | |
| SAMUEL GREEN | ) | |
| TRAVIS LAMONT GREEN | ) | |
|    a/k/a "Beans" | ) | |
| MARK ANTHONY JAMES | ) | |
|    a/k/a "Shoffer" | ) | |
|    a/k/a "Shoff Dog" | ) | |
| JEROME CHRISTOPHER JOHNSON | ) | |
|    a/k/a "Jeezy" | ) | |
|    a/k/a "G-Man" | ) | |
| BRANDON KEITH JONES | ) | |
|    a/k/a "B-Lord" | ) | |
|    a/k/a "Red Boy" | ) | |
| THADESE PERCIVAL MOORE, III | ) | |
|    a/k/a "Percy" | ) | |
| KEITH ORYAN RANDOLPH | ) | |
|    a/k/a "Jit" | ) | |
| RONALD CHRISTOPHER TRAPP | ) | |
|    a/k/a "Buck" | ) | |
| SHERROD KOVACH JERRELL WHITE | ) | |
|    a/k/a "Sherrod" | ) | |
| NATORRIS ANDREGA WOODARD | ) | |
|    a/k/a "Twea" | ) | |
|    a/k/a "Tori" | | |

| | |
|---|---|
| LARRY R. WOODLEY | ) |
|     a/k/a "El Boogie" | ) |
| JOEY LAMONT BRUNSON | ) |
|     a/k/a "Flex" | ) |
| DESHAWN AMND JAMES | ) |
|     a/k/a "Shug" | ) |
| REGINAL BRIAN ALEXANDER | ) |
|     a/k/a "Boogie Bear" | ) |
|     a/k/a "Sugar Bear" | ) |
| FNU LNU | ) |
|     a/k/a "Hugey" | ) |
|     a/k/a "Q" | ) |
| TREVORIS DEON WRIGHT | ) |
|     a/k/a "Kool" | ) |
|     a/k/a "Little Joe" | ) |
| VERNON MCKEA EDWARDS | ) |
|     a/k/a "Vernon from Ridgeville" | ) |
| COREY CORNELIUS METZ | ) |
|     a/k/a "Dank" | ) |
| BRANDON CHARNARD SUMTER | ) |
|     a/k/a "Little Man" | ) |
| DWAYNE JEROME ANDERSON | ) |
|     a/k/a "Life" | ) |
| CHARLIE CADE | ) |
|     a/k/a "Chuck" | ) |
| JOHN BERRY WILSON | ) |
|     a/k/a "Berry" | ) |
| STEVEN LAMONT SHEARD | ) |
|     a/k/a "Lamont" | ) |
| ROBERT JAMES MCCASTLE | ) |
|     a/k/a "Jay" | ) |
|     a/k/a "RJ" | ) |
| FNU LNU | ) |
|     a/k/a "Black" | ) |
| MONTERELL DAVIS | ) |
|     a/k/a "Slim" | |

## COUNT 1

THE GRAND JURY CHARGES:

1. That beginning at a time unknown to the grand jury, but beginning at least in or around July 2013, and continuing thereafter, up to and including the date of this Superseding Indictment, the District of South Carolina, the defendants, HARRY JAMES AUSTIN, III, a/k/a "Trey"; JASON L. BECKHAM, a/k/a "Jay at the shop"; KENNETH CLEMONS; LEMONT ANTWAUN DARBY, a/k/a "Monti", a/k/a "Sharkman", a/k/a "Shortman"; ANTONIO DALE GADDIST, a/k/a "T.O."; MOSES LOFTON GATES, a/k/a "Moe Jr."; SAMUEL GREEN; TRAVIS LAMONT GREEN, a/k/a "Beans"; MARK ANTHONY JAMES, a/k/a "Shoffer", a/k/a "Shoff Dog"; JEROME CHRISTOPHER JOHNSON, a/k/a "Jeezy", a/k/a "G-Man"; BRANDON KEITH JONES, a/k/a "B-Lord", a/k/a "Red Boy"; THADESE PERCIVAL MOORE, III, a/k/a "Percy"; KEITH ORYAN RANDOLPH, a/k/a "Jit"; RONALD CHRISTOPHER TRAPP, a/k/a "Buck"; SHERROD KOVACH JERRELL WHITE, a/k/a "Sherrod"; NATORRIS ANDREGA WOODARD, a/k/a "Twea", a/k/a "Tori"; LARRY R. WOODLEY, a/k/a "El Boogie"; JOEY LAMONT BRUNSON, a/k/a "Flex"; DESHAWN AMND JAMES, a/k/a "Shug"; REGINAL BRIAN ALEXANDER, a/k/a "Boogie Bear", a/k/a "Sugar Bear"; FNU LNU, a/k/a "Hugey", a/k/a "Q"; TREVORIS DEON WRIGHT, a/k/a "Kool", a/k/a "Little Joe"; VERNON MCKEA EDWARDS, a/k/a "Vernon from Ridgeville"; COREY CORNELIUS METZ, a/k/a "Dank"; BRANDON CHARNARD SUMTER, a/k/a "Little Man"; DWAYNE JEROME ANDERSON, a/k/a "Life"; CHARLIE CADE, a/k/a "Chuck"; JOHN BERRY WILSON, "Berry"; STEVEN LAMONT SHEARD, a/k/a "Lamont"; ROBERT JAMES MCCASTLE, a/k/a "Jay", a/k/a "RJ"; FNU LNU, a/k/a "Black"; and MONTERELL DAVIS, a/k/a "Slim",

3

knowingly and intentionally did combine, conspire and agree together and have tacit understanding with Lamario Vincent Wright, a/k/a "K.B.", and Robert Joe Jamison, a/k/a Joe", a/k/a "City Boy", and others, both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances:

   a. With respect to HARRY JAMES AUSTIN, III, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 841(b)(1)(A);

   b. With respect to JASON L. BECKHAM, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 841(b)(1)(A);

   c. With respect to KENNETH CLEMONS, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and a quantity of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C);

   d. With respect to LEMONT ANTWAUN DARBY, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other

conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

e. With respect to ANTONIO DALE GADDIST, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

f. With respect to MOSES LOFTON GATES, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

g. With respect to SAMUEL GREEN, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and a quantity of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C);

h. With respect to TRAVIS LAMONT GREEN, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other reasonably foreseeable to him, is 5 kilograms or more of cocaine and 280 grams or

more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

i. With respect to MARK ANTHONY JAMES, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 28 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B);

j. With respect to JEROME CHRISTOPHER JOHNSON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 28 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B);

k. With respect to BRANDON KEITH JONES, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

l. With respect to THADESE PERCIVAL MOORE, III, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and a quantity of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C);

m. With respect to KEITH ORYAN RANDOLPH, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

n. With respect to RONALD CHRISTOPHER TRAPP, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

o. With respect to SHERROD KOVACH JERRELL WHITE, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 28 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B);

p. With respect to NATORRIS ANDREGA WOODARD, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

q. With respect to LARRY R. WOODLEY, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other

reasonably foreseeable to him, is 5 kilograms or more of cocaine and a quantity of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C);

r. With respect to JOEY LAMONT BRUNSON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and a quantity of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C);

s. With respect to DESHAWN AMND JAMES, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 841(b)(1)(A);

t. With respect to REGINAL BRIAN ALEXANDER, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

u. With respect to FNU LNU, a/k/a "Hugey", the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other reasonably foreseeable to him, is 5 kilograms or more of cocaine and a quantity of

cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C);

v. With respect to TREVORIS DEON WRIGHT, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 841(b)(1)(A);

w. With respect to VERNON MCKEA EDWARDS, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

x. With respect to COREY CORNELIUS METZ, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and 28 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

y. With respect to BRANDON CHARNARD SUMTER, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine and a quantity of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C);

z. With respect to DWAYNE JEROME ANDERSON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of cocaine and 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 841(b)(1)(A);

aa. With respect to CHARLIE CADE, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

bb. With respect to JOHN BERRY WILSON, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

cc. With respect to STEVEN LAMONT SHEARD, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

dd. With respect to ROBERT JAMES MCCASTLE, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

ee. With respect to FNU LNU, a/k/a "Black", the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

ff. With respect to MONTERELL DAVIS, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

## **FORFEITURE**

1. DRUG OFFENSES:

Upon conviction for felony violations of Title 18 and 21, United States Code as charged in this Superseding Indictment, the defendants, HARRY JAMES AUSTIN, III, a/k/a "Trey"; JASON L. BECKHAM, a/k/a "Jay at the shop"; KENNETH CLEMONS; LEMONT ANTWAUN DARBY, a/k/a "Monti", a/k/a "Sharkman", a/k/a "Shortman"; ANTONIO DALE GADDIST, a/k/a "T.O."; MOSES LOFTON GATES, a/k/a "Moe Jr."; SAMUEL GREEN; TRAVIS LAMONT GREEN, a/k/a "Beans"; MARK ANTHONY JAMES, a/k/a "Shoffer", a/k/a "Shoff Dog"; JEROME CHRISTOPHER JOHNSON, a/k/a "Jeezy", a/k/a "G-Man"; BRANDON KEITH JONES, a/k/a "B-Lord", a/k/a "Red Boy"; THADESE PERCIVAL MOORE, III, a/k/a "Percy"; KEITH ORYAN RANDOLPH, a/k/a "Jit"; RONALD CHRISTOPHER TRAPP, a/k/a "Buck"; SHERROD KOVACH JERRELL WHITE, a/k/a "Sherrod"; NATORRIS ANDREGA WOODARD, a/k/a "Twea", a/k/a "Tori"; LARRY R. WOODLEY, a/k/a "El Boogie"; JOEY LAMONT BRUNSON, a/k/a "Flex"; DESHAWN AMND JAMES, a/k/a "Shug"; REGINAL BRIAN ALEXANDER, a/k/a "Boogie Bear", a/k/a "Sugar Bear"; FNU LNU, a/k/a "Hugey", a/k/a "Q"; TREVORIS DEON WRIGHT, a/k/a "Kool", a/k/a "Little Joe"; VERNON MCKEA EDWARDS, a/k/a "Vernon from Ridgeville"; COREY CORNELIUS METZ, a/k/a "Dank"; BRANDON CHARNARD SUMTER, a/k/a "Little Man"; DWAYNE JEROME ANDERSON, a/k/a "Life'"; CHARLIE CADE, a/k/a "Chuck"; JOHN BERRY WILSON, a/k/a "Berry"; STEVEN LAMONT SHEARD, a/k/a "Lamont"; ROBERT JAMES MCCASTLE, a/k/a "Jay", a/k/a "RJ"; FNU LNU, a/k/a "Black"; and MONTERELL DAVIS, a/k/a "Slim", shall forfeit to the United States all of the defendants' right, title and interest in and to any property, real and personal,

(a) constituting, or derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(b) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

(c) any firearms and ammunition (as defined in 18 U.S.C. § 921) -

   (1) used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

   (2) involved in or used in any knowing violations of 18 U.S.C. §§922 and 924, or violation of any other criminal law of the United States, or intended to be used in a crime of violence;

2. PROPERTY:

Pursuant to Title 18, United States Code, Sections 924(d) and 982(a)(1), Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 881(6), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the defendants for offenses charged in this Superseding Indictment includes, but is not limited to, the following:

   A. CASH PROCEEDS/MONEY JUDGMENT:

   A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the Title 21 offenses charged in the Superseding Indictment, that is a minimum of $780,000.00 and all interest and proceeds traceable thereto, in that such sum equals property, that the Defendants obtained as the result of their violations, for which the defendants are jointly and severally liable.

4. SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

   (a) cannot be located upon the exercise of due diligence;

13

(b)  has been transferred or sold to, or deposited with, a third person;

(c)  has been placed beyond the jurisdiction of the Court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of defendant up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Sections 924(d) and 982(a)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).



A  TRUE  Bill

Redacted

/ FOREPERSON

_____

WILLIAM N. NETTLES          (jdr)
UNITED STATES ATTORNEY